PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

**FILED**

September 12, 2022

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ lad _____
DEPUTY

## IN THE UNITED STATES DISTRICT COURT

### FOR THE ___WESTERN___ DISTRICT OF TEXAS

### ___WACO___ DIVISION

## PETITION FOR A WRIT OF HABEAS CORPUS BY
## A PERSON IN STATE CUSTODY

| | |
|---|---|
| ___TIMMY LYNN DUKE___ | ___TDCJ ID HUGHES UNIT___ |
| **PETITIONER** | **CURRENT PLACE OF CONFINEMENT** |
| (Full name of Petitioner) | |
| | |
| VS. | ___606639___ |
| | **PRISONER ID NUMBER** |
| | |
| ___BRUCE ARMSTRONG___ | **6:22-cv-00950** |
| **RESPONDENT** | **CASE NUMBER** |
| (Name of TDCJ Director, Warden, Jailor, or | (Supplied by the District Court Clerk) |
| authorized person having custody of Petitioner) | |

## INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, <u>and</u> (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5.    Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6.    Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7.    Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8.    Failure to notify the court of your change of address could result in the dismissal of your case.

---

## PETITION

**What are you challenging?**  (Check all that apply)

☒    A judgment of conviction or sentence,        (Answer Questions 1-4, 5-12 & 20-25)
      probation or deferred-adjudication probation.
☐    A parole revocation proceeding.              (Answer Questions 1-4, 13-14 & 20-25)
☐    A disciplinary proceeding.                   (Answer Questions 1-4, 15-19 & 20-25)
☐    Other:_____               (Answer Questions 1-4, 10-11 & 20-25)

**All petitioners must answer questions 1-4:**
**Note:** In answering questions 1-4, you must give information about the conviction for the sentence you are presently serving, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1.    Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: _____

      367th Judicial District Court/ Denton County/ 80 Years TDCJ-ID

2.    Date of judgment of conviction: _____ October 24,1991 _____

3.    Length of sentence: _____ 80 Years _____

4.    Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action:_____ F-91-946-E _____

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5.  What was your plea? (Check one)  ☒ Not Guilty    ☐ Guilty    ☐ Nolo Contendere

6.  Kind of trial: (Check one)  X☒ Jury    ☐ Judge Only

7.  Did you testify at trial?  ☐ Yes  ☒ No

8.  Did you appeal the judgment of conviction?  ☒ Yes  ☐ No

9.  If you did appeal, in what appellate court did you file your direct appeal? 2nd District Court Of Appeals/Ft. Worth,TX. Cause Number (if known): 02-91-00414-CR

    What was the result of your direct appeal (affirmed, modified or reversed)? Affirmed

    What was the date of that decision?  November 24,1993

    If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

    Grounds raised: SAME AS ONES IN MY 5th 11.07 APPLICATION

    Result: Hearing Denied

    Date of result: 7-28-22    Cause Number (if known): Court Didn't Tell Me.

    If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

    Result: _____

    Date of result: _____

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal?  This includes any state applications for a writ of habeas corpus that you may have filed.  ☒ Yes  ☐ No

11. If your answer to 10 is "Yes," give the following information:

    Name of court: Texas Court Of Criminal Appeals(Austin, Texas)

    Nature of proceeding: State 11.07 Habeas Corpus Application

    Cause number (if known): WR-23,129-02

–3–

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court: February 23, 2009

Grounds raised: Due Process/ 14th Const. Amend. Violation/ Prosecutor

Misconduct/ Creul and Unusaul Punishment 8th Const. Amend. Violation

Date of final decision:   April 22, 2009

What was the decision?   Denied Without Written Order

Name of court that issued the final decision:  Texas Court Of Criminal Appeals

As to any <u>second</u> petition, application or motion, give the same information:

Name of court: Texas Court Of Criminal Appeals(Austin, Texas)

Nature of proceeding: State 11.07 Habeas Corpus Application

Cause number (if known):   WR-23,129-03

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court:
                                January 11, 2011

Grounds raised: Ineffective Assistance Of Counsel 6th Const. Amend.

Prosecutor Misconduct 14th, 5th Const. Amend./Validity Verdict/
Cruel and Unusual Punishment 8th Const. Amend.
Date of final decision:     March 2, 2011

What was the decision?   Dismissed Without Written Order

Name of court that issued the final decision: Texas Court Of Criminal Appeals

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12.    Do you have any future sentence to serve after you finish serving the sentence you are attacking
                in this petition?        ☐ Yes      ☒ No

    (a)    If your answer is "Yes," give the name and location of the court that imposed the sentence
            to be served in the future: _____

            _____

    (b)    Give the date and length of the sentence to be served in the future: _____

            _____

-4-

(c)  Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?   ☐ Yes   ☐ No

## Parole Revocation:

13.  Date and location of your parole revocation: _____

14.  Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation?   ☐ Yes   ☐ No

   If your answer is "Yes," complete Question 11 above regarding your parole revocation.

## Disciplinary Proceedings:

15.  For your original conviction, was there a finding that you used or exhibited a deadly weapon?
   ☐ Yes   ☐ No

16.  Are you eligible for release on mandatory supervision?   ☐ Yes   ☐ No

17.  Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation: _____

   Disciplinary case number: _____

   What was the nature of the disciplinary charge against you? _____

18.  Date you were found guilty of the disciplinary violation: _____

   Did you lose previously earned good-time days?   ☐ Yes   ☐ No

   If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing: _____

   Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status: _____

   _____

   _____

19.  Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?
   ☐ Yes   ☐ No

   If your answer to Question 19 is "Yes," answer the following:

   Step 1  Result: _____

Date of Result: _____

<u>Step 2</u>  Result: _____  _____

Date of Result: _____

**<u>All petitioners must answer the remaining questions:</u>**

20.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Summarize <u>briefly</u> the facts supporting each ground.  If necessary, you may attach pages stating additional grounds and facts supporting them.

<u>CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

A.    **GROUND ONE:** ACTUAL INNOCENCE/DUE PROCESS/5th, and 14th Const.

Amend. Violations

Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

WRONGFULLY CONVICTED BY JURY/ACTUAL INNOCENCE DUE TO HAVING AN

UNFAIR TRIAL WITH WITNESSES ALLOWED TO LIE UNDER OATH. TRIAL RECORDS

PROVES WITNESSES LYING. COURT(JUDGE) MISCONDUCT ALLOWING UNFAIR TRIAL.

VIOLATING DUE PROCESS 14th, AND 5th CONST. AMEND. DOUBLE JEOPARDY

AGAINST MULTIPLE PUNISHMENTS.

B.    **GROUND TWO:** DUE PROCESS DENIAL OF RIGHT TO A PRE-TRIAL HEARING TO

HEAR AND RULE ON DEFENSE MOTIONS.

Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

THERE IS NO RECORD OF ANY PRE-TRIAL HEARING TAKING PLACE BEFORE

TRIAL TO HEAR AND RULE ON DEFENSE MOTIONS TO GOVERN HOW THE TRIAL

WAS TO BE FAIRLY CONDUCT TO PROTECT DEFENDANT'S CONST. AMEND.

RIGHTS TO A FAIR TRIAL. ALL EXCEPT ONE DEFENSE MOTION WAS GIVEN

TO THE COURT FIRST DAY OF TRIAL RIGHT BEFORE IT BEGAN BY DEFENSE

COUNSEL.

C.   **GROUND THREE:** INEFFECTIVE ASSISTANCE OF COUNSEL/ 6th CONST. AMEND.
RIGHT VIOLATION

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

COUNSEL WAS INEFFECTIVE BEFORE, DURING TRIAL, AND IN SENTENCING
PHASE IN NOT PROPERLY INVESTIGATING CASE WITH TAKING DEFENSE PHOTOS
OF SMALL CAR LOT TO PROVE IT WAS NOT BIG ENOUGH TO TEST DRIVE A

CAR IN. ALLOWING WITNESSES TO LIE UNDER OATH. ALLOWING PROSECUTOR
MISCONDUCT. ALLOWING JURY MISCONDUCT. COURT MISCONDUCT.

D.   **GROUND FOUR:** DUE PROCESS VIOLATION 14th CONST. AMEND. OF ALLOWING
WITNESSES TO LIE UNDER OATH.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

WITNESSES LIED UNDER OATH SAYING I HAD PERMISSION TO TEST DRIVE
CAR ON THE VERY SMALL CAR LOT THAT WAS FULL OF OTHER VECHILES.
THE TRIAL RECORD PROVES WITNESSES WERE LYING UNDER OATH. MR. MATTHEWS
WAS CAUGHT LYING WHEN JESSE HARRIS ANSWERED DEFENSE COUNSEL QUESTION
OF WHAT DID MR. MATTHEWS TELL HIM? MR. HARRIS ANSWERS, HE SAID HE
COULD DRIVE IT AROUND THE BLOCK! THE BLOCK BEING OFF THE LOT!

21.   Relief sought in this petition: 

CASE OVERTURNED, AND CASE SET ASIDE WITH A RULING ORDERING AN
ACQUITTAL DUE TO ACTUAL INNOCENCE.

Third State 11.07 Habeas Corpus Application

NAME OF COURT: Texas Court Of Criminal Appeals

NATURE OF PROCEEDINGS: State 11.07 Habeas Corpus Application

CAUSE NUMBER: WR-23,129-05

DATED FILED: April 26,2011

GROUNDS RAISED: 5th Const. Amend. Of Double Jeopardy Against Multiple
PUNISHMENTS

DATE OF FINAL DECISION: July 13,2011

WHAT WAS THE DECISION?: Dismissed Without Written Order

NAME OF COURT THAT ISSUED THE FINAL DECISION: Texas Court Of Criminal
Appeals.

FOURTH State 11.07 Habeas Corpus Application

NAME OF COURT: Texas Court Of Criminal Appeals

NATURE OF PROCEEDINGS: State 11.07 Habeas Corpus Application

CAUSE NUMBER: WR-23,129-09

DATE FILED: May 1,2017

GROUNDS RAISED: GENERIC DUE PROCESS 14th Const. Amend./ Prosecutor
5th Const. Amend. Double Jeopardy Against Multiple Punishments

DATE OF FINAL DECISION: June 7,2017

WHAT WAS THE DECISION: Dismissed Without Written Order

NAME OF COURT THAT ISSUED THE FINAL DECISION: Texas Court Of Criminal
Appeals.

GROUND FIVE: FORCED TO WEAR SAME CLOTHES ARRESTED IN. T-SHIRT, AND
SWEAT PANTS. MADE TRIAL UNFAIR TO APPELLANT BY JURY SEEING HIM WEAR
IMPROPER CLOTHING ATTIRE TO TRIAL.

SUPPORTING FACTS: APPELLANT WAS FORCED TO WEAR IMPROPER CLOTHING ATTIRE
TO HIS TRIAL. SAID CLOTHING BEING A COLLEGE FOOTBALL T-SHIRT, AND SWEAT
PANTS. MADE TRIAL UNFAIR WITH JURY SEEING APPELLANT IN THESE CLOTHES
THAT PREJUDICED APPELLANT AT HAVING A FAIR TRIAL BEFORE THE JURY.

## FIFTH STATE 11.07 HABEAS CORPUS APPLICATION

NAME OF COURT: <u>TEXAS COURT OF CRIMINAL APPEALS</u>

NATURE OF PROCEEDINGS: <u>STATE 11.07 HABEAS CORPUS APPLICATION</u>

CAUSE NUMBER:

DATED FILED: <u>JULY 15,2022</u>

GROUNDS RAISED: <u>ACTUAL INNOCENCE/DUE PROCESS VIOLATIONMS/UNFAIR TRIAL/</u>
<u>INEFFECTIVE ASSISTANCE OF COUNSEL/COURT MISCONDUCT/PROSECUTOR MISCONDUCT/</u>
<u>JURY MISCONDUCT/5th, 6th, 8th, and 14th Const. Amend. Violations/Witnesses</u>
<u>being allowed to lie under Oath/DUE PROCESS AT RIGHT TO HAVE PRE-TRIAL</u>
<u>HERAING TO HEAR AND RULE ON DEFENSE MOTIONS/ILLEGAL COURT CHARGE TO JURY/</u>
<u>CONFLICT OF INTERESTS WITHAPPEAL COUNSEL WHO WAS MY TRIAL COUNSEL/ FORCED</u>
<u>TO WEAR INAPPROIATE CLOTHING I WAS ARRESTED IN</u>.

DATE OF FINAL DECISION:

WHAT WAS THE DECISION:

NAME OF COURT THAT ISSUED THE FINAL DECISION: <u>TEXAS COURT OF CRIMINAL</u>
<u>APPEALS</u>.

"Petition For Discretionary Review" was sent to the "Court Of Criminal
Appeals" in Austin, Texas on my 5th 11.07 State Application, but I
never rec'd an answer back from them, So I have no ideal what they
did(Ruled) in it.

GROUND SIX: PROSECUTOR JUDICIAL MISCONDUCT DURING TRIAL/SENTENCING PHASE THAT VIOLATED APPELLANT'S RIGHT TO A FAIR TRIAL/DUE PROCESS 14th, AND 5th CONST. AMEND.

SUPPORTING FACTS: DURING TRIAL PROSECUTOR HAD PLACED PHOTOS OF EVIDENCE ON JURY BOX RAIL WITHOUT INSTRUCTING THE JURY THAT THEY COULD HAD OF HANDLED AND PASSED THE PHOTOS AROUND WHILE THE WITNESSES WERE TESTIFYING TO SEE THE LOT WAS NOT BIG ENOUGH TO TEST DRIVE THE CAR ON. MISCONDUCT IN SENTENCING PHASE WITH TELLING JURY TO GIVE ME "10 YEARS" ON EACH OF THE 7 PRIORS. VIOLATION OF DOUBLE JEOPARDY AGAINST MULTIPLE PUNISHMENTS.

GROUND SEVEN: DEFENSE COUNSEL NOT PROPERLY INVESTIGATING CASE BEFORE TRIAL OF TAKING DEFENSE PHOTOS OF EVIDENCE TO PROVE THE SMALL CAR LOT WAS NOT BIG ENOUGH TO TEST DRIVE THE CAR IN. NOT INTERVIEWING WITNESSES BEFORE TRIAL TO PREPARE FOR TRIAL. NOT HAVING PRE-TRIAL HEARING TO HEAR AND HAVE DEFENSE MOTIONS RULED ON TO GOVERN HOW TRIAL WAS TO BE CONDUCTED.

GROUND EIGHT: JURY MISCONDUCT/IMPARTIAL JURY VIOLATIONS

SUPPORTING FACTS: DURING THE SENTENCING PHASE THE JURY COMMITTED MISCONDUCT BY SENDING A NOTE TO THE JUDGE DURING THEIR DELIBERATION OF PUNISHMENT.

SUPPORTING FACTS: DURING JURY DELIBERATION ON PUNISHMENT THEY WERE IN A DELIMA AS TO HOW MUCH TIME TO ASSESS APPELLANT. JURY SENT A NOTE TO THE COURT(JUDGE) ASKING THREE(3) QUESTIONS: FIRST TWO(2) DEALT WITH ASSESSING PUNISHMENT. THE THIRD QUESTION WAS WHERE THEY COMMITTED JURY MISCONDUCT BY ASKING IF THEY COULD TAKE A "10 MINUTE BREAK". WHAT THEY WERE ASKING WAS WHETHER TO ASSESS THE "10 YEARS" ON EACH OF THE SEVEN PRIORS ADVOCATED BY THE PROSECUTOR OR NOT. IF ALLOWED THE BREAK THEN ASSESS THE "10 YEARS" IF NOT ALLOWED THE BREAK DON'T ASSESS THE "10 YEARS". RIGHT AFTER THE JURY CAME BACK FROM THE BREAK THEY ASSESSED APPELLANT THE 80 YEARS. 10 YEARS ON EACH OF THE 7 PRIORS AND 10 YEARS ON THE UUMV. TOTALLING 80 YEARS.

**GROUND NINE:** CRUEL AND UNUSUAL PUNISHMENT 8th CONST. AMEND. VIOLATION

**SUPPORTING FACTS:** AFTER OCTOBER 1991 THE TEXAS LEGISLATOR AMENDED AND CHANGED THE LAW FOR UNAUTHORIZED USE OF A MOTOR VECHILE TO A STATE JAIL FELONY PUNISHABLE FROM 6 MONTHS TO 2 YEARS IN A STATE JAIL FACILITY. APPELLANT HAS 30 CALENDER YEARS DONE ON THIS UUMV WHICH AMOUNTS TO BEING CRUEL AND UNUSUAL PUNISHMENT.

**GROUND TEN:** CONFLICT OF INTEREST OF APPEAL COUNSEL/INEFFECTIVE ASSISTANCE OF COUNSEL. 6th CONST. AMEND. VIOLATION.

**SUPPORTING FACTS:** COURT APPOINTED TRIAL COUNSEL TO REPRESENT APPELLANT ON HIS DIRECT APPEAL WHICH CREATED A VERY BAD CONFLICT OF INTEREST TO APPELLANT ON HIS APPEAL DUE TO THE FACT THAT COUNSEL ONLY BROUGHT UP "ONE ERROR" IN APPELLANT'S APPEAL BRIEF. APPELLANT RAISED 12 ERRORS IN HIS 11.07 APPLICATION.

**GROUND ELEVEN:** IMPROPER/UNCONSTITUTIONAL COURT CHARGE TO JURY IN GUILT/ INNOCENCE PHASE OF TRIAL. DUE PROCESS VIOLATION.

**SUPPORTING FACTS:** COUNSEL FILED MOTION REQUESTING TWO SPECIFIC PARAGRAPHS APPLICATION INSTRUCTIONS TO THE JURY TO BE INCLUDED INTO THE COURT'S CHARGE TO THE JURY. JUDGE TOLD JURY AT STATRT OF THE TRIAL IT WAS HER JOB AND RESPONSIBILITY TO PREPARE THE CHARGE. SHE ALLOWED THE PROSECUTOR TO PREPARE IT TO FAVOR THE STATE. PROSECUTOR DID NOT INCLUDED THE DEFENSE PARAGRAPHS OF INSTRUCTIONS AS COUNSEL HAD THEM WORDED, BUT SHE WORDED THEM HOW SHE WANTED THEM AND WHERE SHE WANTED THEM IN THE CHARGE.

## MEMORANDUM OF LAW GROUND ONE

DUE PROCESS WAS VIOLATED DUE DIRECTLY FROM WITNESSES RICHARD MATTHEWS AND JESSE HARRIS LYING UNDER OATH. TRIAL RECORD PROVES FROM THE STATE AND DEFENSE QUESTIONING BOTH WITNESSES WERE LYING GIVING FALSE TESTIMONY. PROSECUTOR COMMITTED JUDICIAL MISCONDUCT DURING TRIAL AND SENTENCING PHASE OF TRIAL. BECAUSE OF WITNESSES BEING ALLOWED TO LIE UNDER OATH IT DIRECTLY CONTRIBUTED TO APPELLANT BEING WRONGFULLY CONVICTED WHEN

## MEMORANDUM OF LAW GROUND ONE CONTINUED

HE IS "ACTUALLY INNOCENT"

COURT COMMITTED JUDICIAL MISCONDUCT IN NOT AFFORDING APPELLANT TO
HAVE A FAIR TRIAL. APPELLANT WAS WRONGFULLY CONVICTED DUE DIRECTLY
TO INEFFECTIVE ASSISTANCE OF COUNSEL. JURY COMMITTED JUDICIAL MISCONDUCT.
PHOTOS OF EVIDENCE THE STATE SUBMITTED DID NOT AND COULD NOT PROVE
APPELLANT ATTEMPTED TO STEAL THE CAR. LOOKING AT PHOTOS OF LOT CLOSELY
SHOWS NO BIG LOT IN THE BACK, NOR THE DRIVE GOING AROUND THE LOT
OFFICE IN A CIRCLE. THE DRIVE IS IN FRONT OF THE LOT OUTSIDE THE METAL
RAILS IN FRONT OF THE LOT RUNNING PARRELL TO THE STREET(MILL) THE LOT
IS ON.

   ALL DURING THE TRIAL BOTH WITNESSES WERE LYING UNDER OATH, AND
WHEN JESSE HARRIS WAS QUESTIONED BY DEFENSE COUNSEL TO EXACTLY WHAT
DID MR. MATTHEWS TELL HIM WHEN HE RETURNED FROM HIS ERRAND? HE SAID
MR. MATTHEWS TOLD HIM THAT HE TOLD ME I COULD DRIVE THE CAR AROUND
THE BLOCK WHICH IS OFF THE LOT! MR. HARRIS LET THIS SLIP AND WAS
ALLOWED TO CLEAN IT UP UNDER OATH.

## MEMORANDUM OF LAW GROUND TWO

APPELLANT'S DUE PROCESS WAS VIOLATED WHEN HE WAS NOT AFFORDED A PRE-
TRIAL HEARING TO HAVE DEFENSE MOTIONS HEARD AND RULED ON TO PROTECT
APPELLANT'S RIGHTS TO A FAIR TRIAL. ONLY ONE MOTION WAS RULED ON.
MOTION FOR PYCHAIARY EXAMINATION WHICH HAPPENED AT THE DENTON COUNTY
JAIL ON 10-17-91 WHEN THE COURT DOCKET SHEET STATES THE PRE-TRIAL
HEARING WAS SUPPOSE TO HAVE TAKEN PLACE. COUNSEL SUBMITTED ALL THE
MOTIONS ON FIRST DAY OF TRIAL RIGHT BEFORE TRIAL BEGAN AND NONE OF
THE MOTIONS WERE HEARD OR RULED ON BEFORE TRIAL BEGAN. THE REASON
FOR DEFENSE MOTIONS IS TO HAVE HOW THE TRIAL IS SUPPOSED TO BE
GOVERNED FAIRLY TO PROTECT APPELLANT'S RIGHTS TO A FAIR TRIAL.

## MEMORANDUM OF LAW GROUND THREE

BOTH THE FEDERAL AND TEXAS CONSTITUTIONS GUARANTEE'S AN ACCUSED THE RIGHT OF EFFECTIVE ASSISTANCE OF COUNSEL.

UNITED STATES CONSITITUTION AMENDMENT VI; TEXAS CONSTITUTION ART. 1 § 10; TEXAS CODE OF CRIMINAL PROCEDURE ANN. ART. 1051(WESTLAW-- 2015).

THIS RIGHT NECESSARILY INCLUDES THE RIGHT TO REASONABLE EFFECTIVE ASSISTANCE OF COUNSEL SEE: STRICKLAND v. WASHINGTON, 466 U.S. 668; 104 S.ct. 2052; 80 L. Ed. 2d. 674(1984).

TO ESTABLISH INEFFECTIVE OF ASSISTANCE OF COUNSEL AN APPELLANT MUST SHOW BY A PREPONDERANCE OF THE EVIDENCE THAT (1) COUNSEL'S PERFORMANCE FELL BELOW AN OBJECTIVE STANDARD OF REASONABLENESS AND; (2) THE DEFICIENT PERFORMANCE PREJUDICED THE DEFENSE. SEE: WERT v. STATE, 383 SW 3d. 747, 752(Tex.Crim.App.2012).

TO SATISFY THE STRICKLAND FIRST PRONG, THE APPELLANT MUST INDENTIFY ACTS OF OMISSIONS OF COUNSEL THAT ALLEGEDLY WERE NOT THE RESULT OF REASONABLE JUDGEMENT. STRICKLAND, 466 U.S. at 690.

COUNSEL DID NOT OBJECT TO PROSECUTOR JUDICIAL MISCONDUCT DURING TRIAL AND THE SENTENCING PHASE.

THE TRIAL RECORD WILL SHOW WHERE BOTH WITNESSES MR. MATTHEWS AND JESSE HARRIS LIED UNDER OATH WHEN IT BECAME CLEAR AND APPARENT AND COUNSEL ALLOWED THEM TO LIE UNDER OATH WITHOUT MAKING AN OBJECTION AND REQUESTING A "MISTRIAL."

COUNSEL DID NOT PROPERLY INVESTIGATE APPELLANT'S CASE OF TAKING PHOTOS OF THE SMALL USED CAR LOT TO PROVE THE LOT WAS NOT BIG ENOUGH TO TEST DRIVE THE CAR IN WITH IT BEING FULL OF OTHER VECHILES. NOR DID COUNSEL INTERVIEW OR QUESTION THE WITNESSES BEFORE TRIAL TO HELP HIM PREPARE FOR TRIAL.

COUNSEL ALLOWED JURY MISCONDUCT. COURT MISCONDUCT. ALLOWED THE APPELLANT TO SUFFER THROUGH A VERY UNFAIR TRIAL THAT LEAD DIRECTLY

## MEMORANDUM OF LAW GROUND THREE CONTINUED

TO APPELLANT BEING WRONGFULLY CONVICTED WHEN HE IS IN FACT ACTUALLY INNOCENT.

COUNSEL DID NOT OBJECT TO APPELLANT WEARING IMAPPORIATE CLOTHING ATTIRE TO TRIAL WHEN HE WAS FORCED TO WEAR THE SAME CLOTHES HE WAS ARRESTED IN BEING, COLLEGE FOOTBALL T-SHIRT, AND SWEAT PANTS. THIS MADE JURY TO BE PREJUDICED TOWARDS APPELLANT WONDERING WHY HE WOULD WEAR SUCH CLOTHING TO TRIAL.

COUNSEL'S FUNCTION IS TO ENSURE A FAIR TRIAL BY ASSISTING THE DEFENDANT. SEE: STRICKLAND, 466 U.S. at 686; HERNANDEZ v. STATE, 736 SW 2d 53, 56-57(Tex.Crim.App.1986).

COUNSEL OWES THE DEFENDANT A DUTY TO: (1) "[M]AKE REASONABLE INVESTIGATION OR TO MAKE A REASONABLE DECISION THAT MAKES PARTICULAR INVESTIGATION UNNECESSARY." (2) ADVOCATE THE DEFENDANT'S CAUSE AND THUS DUTY OF LOYALTY, INCLUDING A DUTY TO ADVOID CONFLICTS OF INTERESTS. SEE: STRICKLAND, 466 U.S. at 688; CUTLER, 466 U.S. at 346. (3) "[C]ONSULT WITH THE DEFENDANT ON IMPORTANT DECISIONS." (4) "[K]EEP THE DEFENDANT INFORMED OF IMPORTANT DEVELOPEMENTS IN THE COURSE OF THE PROSECUTION. STRICKLAND,466 U.S. at 688. (5) "[B]RING TO BEAR SUCH SKILL AND KNOWLEDGE AS WILL RENDER THE TRIAL A RELIABLE ADVERSARIAL TESTING PROCESS. STRICKLAND, 466 U.S. at688.

### Memorandum Of Law Ground Four

RULE 603 Tex. Code Crim. Proc. Ann. STATES THAT ANY WITNESS WHO OFFERS TESTIMONY MUST DECLARE THAT THE WITNESS WILL TESTIFY TRUTHFULLY.

RULE 801(d)(1)(a), Tex. Code Crim. Proc. Ann. ALLOWS THE USE OF PRIOR INCONSISTENT STATEMENTS TO IMPEACH THE WITNESS. SEE: SMITH v. U.S., 419 F3d 521, 525(6th Cir.2005).

IN AN ATTEMPT TO BE BRIEF APPELLANT WILL STATE WHERE IN THE TRIAL RECORD THAT WITNESSES WERE RECORDED LYING UNDER OATH BY GIVING THE

## MEMORANDUM OF LAW GROUND FOUR CONTINUED

PAGE AND LINE NUMBERS WHERE THE LIE WAS RECORDED.

PAGE 6 Lines 9-26 SHOWS THE WITNESSES BEING SWORN IN AND THE
RULE BEING INVOKED.

PAGE 18 LINES 26-28, WITNESS RICHARD MATTHEWS TELLS HIS FIRST LIE,
ABOUT BEING WITNESS JESSE HARRIS COUSIN.

PAGE 19 LINE 1, MATTHEWS ANSWERS A SECOND TIME THEY ARE COUSINS .
PAGE 63 LINES 13-14, DEFENSE COUNSEL ASKS MR. HARRIS IF HE IS RELATED
TO MR. MATTHEWS. HE ANSWERS CLEARLY "NO, SIR." THIS PROVES THAT MR.
MATTHEWS LIED ABOUT THEM BEING COUSINS.

PAGE 70 LINES 13-14, PROSECUTOR TRIES TO CLEAN UP MR. MATTHEWS LIE
OF BEING MR. HARRIS COUSIN. ATTEMPTING TO GET MR. HARRIS TO SAY THEY
WERE COUSINS.

PAGE 70 LINES 25-28/PAGE 71 LINES 1-2. DEFENSE COUNSEL ASKS AGAIN
ABOUT THEM BEING RELATED, AGAIN MR. HARRIS DENIES THEM BEING RELATED.

PAGE 71 LINES 19-28. PROSECUTOR ONCE AGAIN ATTEMPTS TO CLEAN UP
THE LIE TRYING TO GET MR. HARRIS TO STATE THEY SOMETIMES REFER EACH
OTHER AS BEING COUSINS.

PAGE 23 LINES 16-28, DEFENSE COUNSEL QUESTIONS MR. MATTHEWS ASTO
HIS EXPERIENCE IN THE USED CAR BUISNESS. MR. MATTHEWS STATES THAT
HE DIDN'T HAVE MUCH EXPERIENCE, ONLY DOING IT WHILE ON VACATION TO
VISIT MR. HARRIS FROM CALIFORNIA. THAT HE DIDN'T KNOW MR. HARRIS
LOT POLICIES AT ALL. THIS SHOWS HOW HE WOULD ALLOW APPELLANT TO
DRIVE CAR OFF LOT FOR A TEST DRIVE.

PAGE 30 LINES 16-28, COUNSEL QUESTIONS MR. MATTHEWS ABOUT THE
SMALL LOT DRIVING IN IT, A PERSON COULDN'T TELL MUCH ABOUT THE
CAR--MAYBE TELL IF IT HAD A FLAT TIRE. MR. MATTHEWS CLEARLY AGREED.

PAGE 32 LINES 8-18, PROSECUTOR MR. MATTHEWS STATE'S EXHIBIT
MARKED NO. 4, ASKING HIM IF THERE WAS A DRIVE THAT CIRCLED AROUND
THE OFFICE ON THE LOT. HE ANSWERS, YES THERE WAS.

## MEMORANDUM OF LAW GROUND FOUR CONTINUED

LOOKING AT THE PHOTO CLOSELY SHOWS THIS DRIVE TO BE IN FRONT OF THE
LOT "<u>OUTSIDE OF THE METAL RAIL</u>" THAT SURROUNDS THE LOT. THE DRIVE
IS OUTSIDE THE LOT RUNNING PARRELL TO THE STREET(MILL) THAT THE LOT
IS ON. IT'S NOT INSIDE THE LOT RUNNING AROUND THE LOT OFFICE. SHE
ASKED HIM IF THERE WAS A REAL BIG LOT IN BACK, HE ANSWERS YES. THE
PHOTOS OF THE LOT CLEARLY SHOWES SEVERAL VECHILES BACKED UP TO THE
BACK FENCE LINE. NO WHERE IN ANY OF THE PHOTOS OF THE LOT DOES IT
SHOW A BIG LOT IN BACK.

<u>PAGE 67 LINES 20-28</u>, SHOWS A <u>VERY IMPORTANT FACT OF TESTIMONY</u>
<u>THAT MR. HARRIS GIVES UNDER OATH,</u> HE IS QUESTIONED BY DEFENSE
COUNSEL AS TO WHAT EXACTLY DID MR. MATTHEWS TELL HIM WHEN HE RETURNED
FROM HIS ERRAND? HE STATES THAT MR. MATTHEWS TOLD HIM THAT MR.
MATTHEWS TOLD ME "<u>HE SAID HE COULD DRIVE IT AROUND THE BLOCK</u>" OPPS!
HE LET THAT SLIP DIDN'T HE? SO, NOW WE CAN SEE CLEARLY THAT BOTH
OF THESE WITNESSES HAD BEEN LYING ABOUT APPELLANT NOT HAVING MR.
MATTHEWS PERMISSION TO TEST DRIVE THE CAR OFF THE LOT. BUT OF
COURSE THIS WITNESS IS ALLOWED TO CLEAN UP HIS MISTAKE.(PAGE 68
LINES 1-5).

<u>PAGE  55 LINES 17-28.</u> COUNSEL QUESTIONS MR. HARRIS ABOUT IF I
KNEW WHO HE WAS. HE ANSWERED THAT YES I DID KNOW WHO HE WAS, DESPITE
HIM NOT BEING AT THE LOT WHEN I LEFT, NOR EVER SEEING ME BEFORE.

<u>PAGE 54 LINES 1-28/PAGE 55 LINES.</u> COUNSEL QUESTIONS MR. HARRIS
TO WHAT HE TOLD OFFICER LEON TRUEBLOOD WHEN HE FOUND THE CAR
PARKED IN THE EMPTY LOT SPACE IN THE MOBILE HOME PARK. HE SAID
HE SAW ME EXIT THE CAR AND GO INTO A MOBILE HOME THEN SHORTLY
CAME OUT OF MOBILE HOME WITH ANOTHER PERSON. HE REPEATEDLY TOLD
COUNSEL THAT HE SAW ME EXIT THE CAR AND GO INTO THE HOME AND COME
OUT OF THE HOME.

## MEMORANDUM OF LAW GROUND FOUR CONTINUED

**PAGE 78 LINES 16-18**, OOFICER LEON TRUEBLOOD IS QUESTIONED BY COUNSEL AS TO WHAT MR. HARRIS HAD TOLD HIM ABOUT THE CAR BEING PARKED IN THE EMPTY SPACE AND IT BEING **UNOCCUPIED** THIS OFFICER REPEATEDLY TOLD COUNSEL IN HIS QUESTIONING THAT MR. HARRIS TOLD HIM THE CAR WHEN IT WAS PARKED IN THE SPACE WAS **UNOCCUPIED.** ONCE AGAIN THIS SHOWS AND PROVES THIS WITNESS LYING UNDER OATH.(**PAGE 79 LINES 4-18**).

## MEMORANDUM OF LAW GROUND SIX

CASES FINDING A **"DUE PROCESS"** VIOLATION BASED ON THE ACTIONS OF THE PROSECUTOR INVOLVE CONDUCT THAT IMPLICATES A DELIBERATE ATTEMPT TO MISLEAD, OR CONDUCT SUFFICIENTLY EGREGIOUS THAT IT INFECTS A TRIAL WITH UNFAIRNESS. SEE: e.g., **MILLER v. PATE**, 386 U.S.1, 5-6.

PROSECUTOR DID COMMIT JUDICIAL MISCONDUCT WHEN SHE PLACED THE PHOTOS OF EVIDENCE ON THE **"JURY BOX RAIL"** WITHOUT INSTRUCTING THE JURY THAT THEY COULD HAD HANDLED THE PHOTOS AND PASSED THEM AROUND **"WHILE"** THE WITNESSES WERE ON THE STAND TESTIFYING.

**PAGE 155 LINES 17-28,** SHOWS THE COURT ASKING THE JURY IF ANY OF THEM HAD ANY SUGGESTIONS, ONE OF THEM SAID YES. THE JUROR STATED THAT **THEY DID NOT KNOW THEY COULD HAD TOUCH AND PASSED AROUND THE PHOTOS ON THE RAIL.** THIS HERE PROVES PROSECUTOR COMMITTED THE JUDICIAL MISCONDUCT THAT SO INFACTED APPELLANT'S TRIAL THAT IT WAS ANYTHING BUT A FAIR ONE.

PROSECUTOR WOULD LEAD THE WITNESSES IN HOW TO ANSWER HER QUESTIONS AND BY **BOLSTERING THEM** FORWHICH COUNSEL MADE OBJECTION TO THAT WAS SUSTAINED BY THE COURT BUT THROUGH OUT THE TRIAL WHEN THE COURT WOULD SUSTAIN COUNSEL'S OBJECTIONS JUDGE WOULD NOT INSTRUCT THE JURY TO DISREGARD HER STATEMENTS ARE WITNESSES ANSWERS TO HER QUESTIONS.

## MEMORANDUM OF LAW GROUND SIX CONTINUED

DURING THE SENTENCING PHASE PROSECUTOR COMMITTED JUDICIAL MISCONDUCT
WHEN SHE INSTRUCTED THE JURY IN HER CLOSING ARGUMENT TO ASSESS
APPELLANT TO "JUST GIVE HIM 10 YEARS FOR EACH OF THE 7 PRIORS-
ADD THEM UP THERE ARE 7 OF THEM--WOULD BE ALREADY UP TO 70 YEARS."
COMMITTING THIS JUDICIAL MISCONDUCT VIOLATED APPELLANT 5th CONST.
AMEND. OF DOUBLE JEOPARDY AGAINST MUTLIPLE PUNISHMENTS. APPELLANT
HAD ALREADY BEEN SENTENCED ON ALL OF THE 7 PRIORS AND SERVED HIS
TIME ON THEM. ADDING 10 MORE YEARS TO THEM VIOLATED THE DOUBLE
JEOPARDY AGAINST MULTIPLE PUNISHMENTS CLAUSE.(SEE: PAGE 151 LINES
12-17). THIS MADE THE SENTENCE UNCONSTITUTIONAL .

THE CONSTITUTION PROHIBITION OF DOUBLE JEOPARDY CONSISTS OF
THREE SEPERATE GUARANTEE'S. NUMBER (3) APPLIES TO APPELLANT'S
CASE. IT PROTECTS AGAINST MULTIPLE PUNISHMENTS FOR THE SAME OFFENSE.
SEE: EX PARTE ROBINSON, 641 SW 2d 552(Tex.Crim.App.1982). ".....
THIS CONSTITUTIONAL GUARANTEE IS APPLICABLE TO THE STATES THROUGH
THE DUE PROCESS CLAUSE OF THE 14th AMEND. SEE: BENTON v. MARYLAND,
395 U.S. 784; 23 L. Ed. 2d. 707; 89 S.ct. 2056(1969).

Because Of The FUNDAMENTAL NATURE OF DOUBLE JEOPARDY PROTECTIONS
A DOUBLE JEOPARDY CLAIM CAN BE RAISED THE FIRST TIME ON APPEAL OR
EVEN THE FIRST TIME ON COLLATURAL ATTACK WHEN THE UNDISPUTED FACTS
SHOW THE DOUBLE JEOPARDY VIOLATION IS CLEARLY APPARENT ON THE FACE
OF THE RECORD AND WHEN ENFORCEMENT OF USUAL RULES OF PROCEDURAL
DEFAULT SERVES NO LEGITIMATE STATE INTERESTS.(APPELLANT PROC.
RULE 33.1(a)).

IN BULLARD v. ESTELLE, 665 F2d 1347 at 1348; the double jeopardy
CLAUSE HAS IMPLICATIONS IN SENTENCING WHEN THERE WAS A FINDING OF
MULTIPLE PUNISHMENTS.

II. APPLICABILITY OF THE DOUBLE JEOPARDY CLAUSE TO ENHANCEMENT
PROCEEDINGS:

MEMORANDUM OF LAW GROUND SIX CONTINUED

**A. PURPOSE OF THE DOUBLE JEOPARDY CLAUSE TO ENHANCE:**

THE DOUBLE JEOPARDY CLAUSE OF THE <u>5th AMENDMENT</u> WHICH PROVIDES THAT
IN CRIMINAL PROCEEDINGS, NO PERSON SHALL BE PLACED <u>**TWICE**</u> IN
JEOPARDY FOR THE SAME OFFENSE, THOUGH **(665 F2d 1351)** SEEMINGLY
CLEAR IN ITS LANGUAGE, HAS BEEN DIFFICULT TO APPLY TO DISCRETE
FACT SITUATIONS WHEN A CLAIM OF DOUBLE JEOPARDY IS RAISED BECAUSE
THE DOUBLE JEOPARDY CLAUSE IS A <u>**MULTIFACETED PROVISION**</u> WHICH
SERVES SEVERAL DISTINCT JURISPRUDENTIAL INTERESTS AND VALUES.
THESE INTERESTS AND VALUES DELINEATED FROM JURISPRUDENTIAL LITERATURE
AND DECISIONS OF THE UNITED STATES SUPREME COURT (IN) ASCENDING
DEGREES OF IMPORTATANCE....ARE (1) AN INTEREST IN FINALITY...(2)
AN INTEREST IN <u>**ADVOIDING DOUBLE JEOPARDY PUNISHMENTS**</u> WHICH COMES
ARMED WITH A PRESUMPTION IN THE DEFENDANT'S FAVOR....(3) AN INTEREST
IN NULLIFICATION-VIS, AN INTEREST IN ALLOWING THE SYSTEM TO <u>**ACQUIT**</u>
AGAINST THE EVIDENCE WHICH IS ABSOLUTE. THESE THREE INTERESTS ARE
ALL LOOSELY CONNECTED TO THE NOTION OF ENDING LITIGATION....BUT
THEY ARE CONCEPTIONALLY DISTINCT AND SHOULD BE SEPERATELY ADDRESSED.
**(WESTON AND DRUBEL, TOWARD A GENERAL THEORY OF DOUBLE JEOPARDY(1978)).**
SUPREME COURT REVIEW, 81, 86(1979).

IN <u>**EX PARTE AUGUSTA**</u>, 639 SW2d 481, "THE COURT ORDERED THAT HIS
CONVICTION BE SET ASIDE, FINDING THAT APPLICAT'S U.S. CONST. AMEND.
V. AND TEX. CONST. ART. 1 § 14, 19 RIGHTS AGAINST DOUBLE JEOPARDY
WAS VIOLATED. SEE: <u>**V.T.C.A. PENAL CODE SEC. 12.42(d)**</u>.

AUGUSTA RELIED UPON THE SUPREME COURT DECISION OF <u>**BURKS v. U.S.**</u>
437 U.S. 1; 98 S.ct. 2141; 57 L. Ed. 2d. 1(1978) as AUTHORITY FOR
HIS CONTENTION. SEE: <u>**GREENE v. MASSEY**</u>, 437 U.S. 19; 98 S.ct. 2151;
57 L. Ed. 2d. 15(1978).

<u>WHEN AN IMPROPER CLOSING ARGUMENT IS BEING MADE BY THE PROSECUTOR</u>
<u>THE TRIAL JUDGE HAS AN OBLIGATION TO INTERVENE AT ONCE TO ENSURE</u>

## MEMORANDUM OF LAW GROUND SIX CONTINUED

<u>PROTECTION OF THE DEFENDANT'S RIGHT TO A FAIR TRIAL.</u> SEE: e.g.,
U.S. v. CORONA, 551 F2d 1386(5th Cir.1977).

### MEMORANDUM OF LAW GROUND EIGHT

JURY DID COMMIT JUDICIAL MISCONDUCT AND WAS IMPARTIAL TO APPELLANT
DURING TRIAL AND IN SENTENCING PHASE DURING THEIR DELIBERATIONS
TO ASSESS PUNISHMENT.

DURING THEIR SENTENCING DELIBERATIONS JURY SENT A NOTE TO THE
JUDGE ASKING THREE(3) QUESTIONS DUE TO THEIR DELIMA IN ASSESSING
PUNISHMENT. THE FIRST TWO(2) QUESTIONS DEALT WITH PUNISHMENT, AND
THE THIRD QUESTION WAS WHERE THEY COMMITTED THE MISCONDUCT WITH
ASKING IF THEY COULD TAKE A "<u>10 MINUTE BREAK</u>"÷WHAT THEY WERE ASKING
WITH THE BREAK QUESTION WAS WHETHER TO ASSESS THE "<u>10 YEARS ON EACH
OF APPELLANT'S SEVEN(7) PRIORS OR NOT</u>" IF ALLOWED THE 10 MINUTE
BREAK THEN THEY WOULD ASSESS THE 10 YEARS AS THE PROSECUTOR HAD
INSTRUCTED THEM IN HER CLOSING ARGUMENT, OR IF NOT ALLOWED THE
BREAK THEN NOT ASSESS THE 10 YEARS ON EACH OF THE SEVEN(7) PRIORS.
RIGHT AFTER COMING BACK FROM THEIR BREAK JURY ASSESSED AN 80
YEAR TERM. 10 YEARS ON EACH OF THE SEVEN(7) PRIORS AND 10 YEARS
FOR THE UUMV WHICH TOTALS THE 80 YEARS ASSESSED BY THEM. THIS WAS
IN DIRECT VIOLATION OF APPELLANT'S 5th AMEND. OF DOUBLE JEOPARDY
AGAINST MULTIPLE PUNISHMENTS. YOU WILL FIND THIS IN THE RECORD
(PAGE 151 LINES 25-28).

IT IS ESSENTIAL TO A FAIR TRIAL-THAT A JURY BE CAUTIONED AS TO
PERMISSIBLE CONDUCT AND CONVERSATIONS OUTSIDE THE JURY ROOM. SEE:
<u>U.S. v. WILLIAMS</u>, 635 F2d 744(8th Cir.1980).

<u>RULE 601(a)(b)(c) OF TEX. CODE. OF CRIM. PROC. ANN.</u> APPLY HERE!!!
SEE: <u>U.S. v. ARTUS</u>, 591 F2d 526, 528(9th Cir.1979); <u>U.S. v. RONDER</u>,
639 F2d 931, 934(2nd Cir.1981); <u>RUSHEN v. SPAIN</u>,464 U.S. 114(1983).

## MEMORANDUM OF LAW GROUND EIGHT CONTINUED

WHEN FACED WITH A CLAIM OF JURY MISCONDUCT, THE COURT MUST
DETERMINE WHETHER THE ALLEGED MISCONDUCT HAS SO PREJUDICED THE
DEFENDANT THAT HE CAN NOT RECIEVE A FAIR TRIAL. SEE: U.S. v. COPELAND,
51 F3d 611, 613(6th Cir.1995); U.S. v. FRYER, 867 F2d 850, 855(5th
Cir.1989).

## MEMORANDUM OF LAW GROUND TEN

CONFLICT OF INTEREST WAS VIOLATED WHEN THE TRIAL COURT APPOINTED ME
THE SAME COUNSEL I HAD AT TRIAL TO REPRESENT ME ON DIRECT APPEAL.
INEFFECTIVE ASSISTANCE OF APPEAL COUNSEL WAS COMMITTED BY TRIAL COUNSEL
BEING COUNSEL OF RECORD ON APPEAL ONLY BRINGING UP "ONE ERROR" ON MY
APPEAL BRIEF. APPELLANT RAISED 12 ERRORS IN HIS STATE 11.07 WRIT.
IN MANY INSTANCES, AN ACCUSED WILL BE REPRESENTED BY THE SAME COUNSEL
AT TRIAL AND DURING DIRECT APPEAL. IN SUCH CASES, IT WOULD BE
UNREALISTIC TO EXPECT THAT TRIAL COUNSEL WOULD BE EAGER TO PURSUE AN
INNEFFECTIVE ASSISTANCE CLAIM. MOREOVER, EVEN THE SCRUPIOUS ATTORNEY
SEARCHING THE RECORD IN GOOD FAITH WOULD NOT ALLOW HIMSELF NOT TO
BE BLIND TO HIS DERELICTIONS AT THE TRIAL LEVEL.

IN U.S. v. LEVY, 25 F3d 146 at 153 n. 5(2nd Cir.1994). AT N.5
SOME HAVE QUESTIONED WHETHER THE SUPREME COURT'S CONFLICT OF INTEREST
DOCTRINE, MUCH OF WHICH DEVELOPED IN THE CONTEXT OF JOINT-REPRESENTATION
CONFLICTS IS APPLICABLE IN ALL CONFLICTS CONTEXTS. SEE: e.g., BEETS
v. COLLINS, 986 F2d 1478, 1483-84(5th Cir.).(DISCUSSING THE UNIVERSAL
APPLICATION OF THE SUPREME COURT'S DECISION IN CUYLER, reh'g en banc
granted, 998 F2d 253(5th Cir.1993). THIS COURT, HOWEVER, HAS CONSISTENTLY
APPLIED THE SAME BASIC DOCTRINE IN ALL CONFLICT OF INTEREST SITUATIONS
AS THE SUPREME COURT DOCTRINE. SEE: FULTON, 5 F3d at 609, Right TO
UNDER THE 6th AMEND. ENTAILS CORRELATIVE RIGHT TO REPRESENTATION THAT
IS FREE FROM CONFLICT OF INTEREST.

## MEMORANDUM OF LAW GROUND TEN CONTINUED

SEE: <u>BILLY-EKO v. U.S</u>., 8 F3d 111 at 114(2nd Cir.1993). Having TRIAL
AS APPELLANT COUNSEL CAUSED A DIRECT CONFLICT OF INTEREST SITUATION AND
VIOLATES U.S.C.A. CONST. AMEND. 6th.

    APPELLANT HAS SUFFERED <u>INEFFECTIVE ASSISTANCE OF COUNSEL</u> IN VIOLATION
OF HIS SIXTH AMENDMENT RIGHT IF HIS ATTORNEY HAS POTENTIAL CONFLICT
OF INTEREST THAT RESULTED IN <u>PREJUDICED</u> TO DEFENDANT, OR ACTUAL CONFLICT
OF INTEREST THAT <u>ADVERSELY AFFECTED ATTORNEY'S PERFORMANCE</u>.

    WHEN A DISTRICT COURT IS <u>SUFFICIENTLY APPRISED OF EVEN POSSIBILITY</u>
<u>OF CONFLICT OF INTEREST BETWEEN APPEAL COUNSEL AND DEFENDSANT, COURT</u>
<u>MUST INVESTIGATE FACTS AND DETAILS OF ATTORNEY'S INTEREST TO DETERMINE</u>
<u>WHETHER ATTORNEY IN FACT SUFFERS FROM ACTAUL CONFLICT POTENTIAL</u>
<u>CONFLICT, OR NO GENUINE CONFLICT AT ALL</u>. U.S.C.A. CONST. AMEND 6t.

22. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition?  ☐ Yes  ☒ No
If your answer is "Yes," give the date on which each petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

_____

_____

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)?  ☐ Yes  ☐ No

23. Are any of the grounds listed in question 20 above presented for the first time in this petition?
☐ Yes  ☒ No

If your answer is "Yes," state briefly what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

_____

_____

_____

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging?  ☐ Yes  ☒ No

If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. _____

_____

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a)    At preliminary hearing: _RICKEY PERRITT_____

(b)    At arraignment and plea: _RICKEY PERRITT_____

(c)    At trial: _____RICKEY PERRITT_____

(d)    At sentencing: _____RICKEY PERRITT_____

(e)    On appeal: _____RICKEY PERRITT_____

(f)    In any post-conviction proceeding: _NONE  DID IT PRO SE_____

. (g)    On appeal from any ruling against you in a post-conviction proceeding: _____

NONE DID IT PRO SE

## Timeliness of Petition:

26.    If your judgment of conviction, parole revocation or disciplinary proceeding became final over
one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. §
2244(d) does not bar your petition.[1]

_____

_____

_____

_____

_____

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d),
provides in part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the
expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation
of the Constitution or laws of the United States is removed, if the applicant was prevented from
filing by such State action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme
Court, if the right has been newly recognized by the Supreme Court and made retroactively
applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been
discovered through the exercise of due diligence.

    (2)    The time during which a properly filed application for State post-conviction or other collateral review
with respect to the pertinent judgment or claim is pending shall not be counted toward any period of
limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____

Signature of Attorney (if any)

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

September 9,2022
_____ (month, day, year).

Executed (signed) on _____September 9,2022_____ (date).

_____
Signature of Petitioner (<u>required</u>)

Petitioner's <u>current</u> address:  TIMMY LYNN DUKE #606639/ TDCJ-ID HUGHES UNIT/

3201 FM 929/ Gatesville, Texas 76597

–10–

Tim L. Duke #606639
Hughes Unit
3201  FM  929
Gatesville,Tx. 76597

District Court Clerk
U.S. Federal Court
Western District
Waco Division
800 Franklin Ave. Rm: 380
Waco, Texas 76701

September 8,2022

RE: <u>2254 APPLICATION TIMMY LYNN DUKE vs. THE STATE OF TEXAS</u>
<u>TWO COPIES ENCLOSED</u>

Dear Court Clerk,

Greetings! I'm writing to request that the enclosed 2254 Application
be filed with the Court.

Thank you for your time and assistance in this matter!

Respectfully,

I filed a 5th 11.07 Habeas Corpus Application, but could never
obtain the Cause Number in it, nor a copy of the Court's Order Of
Dismissal.

I filed a "Petition Of Discretinary Review" with the "Court Of
Ciminal Appeals" in Austin, Texas, but I <u>never</u> rec'd an answer on
it, nor the Cause Number on it.

I'm having to get a copy of the "Indigent Form" to file Forma
Pauperis in this 2254 Application. As soon as I get it fillout I
will mail it to you.

Tim L. Duke #606639
TDCJ-ID Hughes Unit
3201 FM 929
Gatesville, Texas 76597

RECEIVED

SEP 12 2022

CLERK, U S DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

Dist
U.S.
Wes
W
80
W

L e GAL MAi



Aust

ict Clerk
ederal Court
rn District
co Division
    Franklin Ave, Rm: 380
aco, Texas 76701