# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
November 8, 2022
Lyle W. Cayce
Clerk

No. 22-50831

In re Timmy Lynn Duke,

                      *Movant.*

Motion for an order authorizing
the United States District Court for the
Western District of Texas to consider
a successive 28 U.S.C. § 2254 application

Before Elrod, Graves, and Ho, *Circuit Judges*.

Per Curiam:

    Timmy Lynn Duke, Texas prisoner # 00606639, moves this court for authorization to file a successive 28 U.S.C. § 2254 application to challenge his conviction for unauthorized use of a motor vehicle.

    If granted authorization, Duke would argue that: (1) the prosecutor committed misconduct by failing to advise the jury that it could view certain photographs during witness testimony and by asking the jury to sentence him to 10 years for each of his prior convictions; and (2) his sentence was cruel and unusual punishment in violation of the Eighth Amendment. Because he raised these claims in his first § 2254 application, we will not consider them for authorization. *See* 28 U.S.C. § 2244(b)(1); *In re Young*, 789 F.3d 518, 526 (5th Cir. 2015).

No. 22-50831

In addition, Duke seeks to argue that: (1) two State witnesses lied during their trial testimony; (2) he was denied a fair trial because he was required to wear the clothes he was wearing at the time of his arrest; (3) the trial court committed misconduct by failing to instruct the jury, after it sustained defense counsel's objections, to disregard the State's question and the witness's answer; (4) he was denied the right to a pretrial hearing on defense motions; (5) his trial counsel was ineffective in a myriad of ways; (6) his due process rights were violated because the witnesses were allowed to lie under oath; (7) the jury committed misconduct by sending a note to the trial court during punishment deliberations; (8) his appellate counsel had a conflict of interest; and (9) the jury instructions violated his due process rights. Because Duke argues that his proposed claims are based on the trial transcript, he has not made the requisite showing that his claims are based on a new factual predicate that could not have been discovered previously through the exercise of due diligence. *See* § 2244(b)(2)(B)(i), (b)(3)(C).

Finally, Duke seeks to argue that he is actually innocent of the underlying crime. We do "not recognize freestanding claims of actual innocence" on postconviction review. *In re Swearingen*, 556 F.3d 344, 348 (5th Cir. 2009). Furthermore, we do not recognize alleged actual innocence as a gateway for obtaining authorization to file a second or successive application. *See Jackson v. Lumpkin*, 25 F.4th 339, 341-42 (5th Cir. 2022).

Duke has therefore failed to make the prima facie showing necessary to satisfy the requirements for filing a successive § 2254 application. *See* § 2244(b)(2), (b)(3)(C). Accordingly, IT IS ORDERED that his motion for authorization is DENIED.

# United States Court of Appeals

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

November 08, 2022

MEMORANDUM TO COUNSEL OR PARTIES LISTED BELOW:

   No. 22-50831   In re: Timmy Duke
                     USDC No. 6:22-CV-950

Enclosed is an order entered in this case.

                             Sincerely,

                             LYLE W. CAYCE, Clerk

                             By: _____
                             Roeshawn Johnson, Deputy Clerk
                             504-310-7998

Mr. Philip Devlin
Mr. Timmy Lynn Duke